## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                        Case No. 11-CR-20684
                    v.                  Honorable Terrence G. Berg

PAUL GATICA,

                    Defendant.
_____

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF SUPERVISED-RELEASE TERMS

### I.    INTRODUCTION

Defendant, proceeding pro se, asks this Court to modify his supervised release terms. For the reasons below, Defendant's motion is **DENIED**.

### II.    FACTUAL AND PROCEDURAL HISTORY

Defendant pleaded guilty to possession of child pornography on February 21, 2012. The conviction stemmed from Defendant's possession of 56 images of child pornography and 360 videos of child pornography. At least some of the videos involved images of prepubescent minor females engaged in sexual intercourse with adult males; among the video titles were:

- *Homemade Underaged Kinder Porno*;
- *Illegal Pre-Teen Underaged Lolita Kiddie Child*;
- *Three Wise Year Tingle*;
- *12-year-old Thai Incest Real Mom and Small Boys*;
- *10-year-old Kate and Daddy*; and
- *Russian Daddy and Extremely Young Blond Daughter*

On June 19, 2012, the Court sentenced Defendant to 72 months' incarceration and 60 months' supervised release. As part of the supervised-release terms, the Court

imposed both standard and special conditions. Defendant, who is still in custody, now requests modification of his supervised-release terms to remove the following four special conditions:

- The defendant shall not purchase, sell, view, or possess images, in any form of media or live venue that depict pornography, sexually explicit conduct, child erotica, or child nudity. The defendant shall not patronize any place where such material or entertainment is available. (Condition #6)

- The defendant shall provide the probation officer with accurate information about all computer systems (hardware/software), all passwords and Internet Service Provider(s), that the defendant has potential access to and abide by all rules of the United States Probation Department's Computer Monitoring Program. The defendant shall only access a computer approved by the probation officer. The defendant shall consent to the probation officer conducting periodic, unannounced examinations of all computer systems, which may include computer monitoring software at defendant's expense. For the purpose of account for all computers, hardware, software and accessories, the defendant shall submit his/her person, residence, computer and/or vehicle to a search conducted by the United States Probation Department at a reasonable time and manner. You shall inform any other residents that the premises and your computer may be subject to a search pursuant to this condition. The defendant shall provide the probation officer with access to any requested financial information including billing records (telephone, cable, internet, satellite, etc.). (Condition #8)

- The defendant shall not rent a post office box or storage unit without prior approval of the probation officer. (Condition #9)

- The defendant shall not possess bindings, restraints, handcuffs, or other sadomasochistic paraphernalia. (Condition #10)

### III.   ANALYSIS

#### A.   *Standard of Review*

The district court has broad discretion to impose appropriate conditions of supervised release. *U.S. v. Minor*, 440 F. App'x 479, 481-82 (6th Cir. 2011). Modifications to conditions of supervised release are governed by 18 U.S.C. § 3583(e):

2

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . modify . . . the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). The enumerated factors of § 3553 that must be considered are:

- the "nature and the circumstances of the offense and the history and characteristics of the defendant" 18 U.S.C. § 3553(a)(1);
- the need for the sentence imposed "to afford adequate deterrence to criminal conduct" § 3553(a)(2)(B);
- the need for the sentence imposed "to protect the public from further crimes of the defendant" § 3553(a)(2)(C); and
- the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D).

The court may also consider the kind of sentence, the sentencing range established for the applicable category of offense, the applicable guidelines, policy statements, or amendments issued by the U.S. Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *See* §§ 3553(a)(4-7); *Minor*, 440 F. App'x at 482.

## B.   Discussion

Defendant argues that the four challenged special conditions "do not relate to him" or are "overbroad and vague." (Dkt. 25, pp.3-4). It is unclear exactly what Defendant means when he says that the special conditions do not relate to him, so the Court will interpret Defendant's statement to mean that the special conditions are not reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553. The Court will address each special condition, first to determine if it is reasonably related to § 3553 and then to determine whether the condition is vague or unclear.

3

Before reaching the specific conditions, however, the Court will discuss the § 3553 factors as they relate to all the challenged conditions. The nature and circumstances of the offense are undisputed: Defendant possessed a substantial number of images and videos of child pornography. Some of these videos included adults engaging in sexual acts with children. Others involved children as young as three years old.

This was Defendant's first conviction, but the offense is a serious one, involving the abuse and victimization of young children. Defendant's conduct represented a betrayal of the trust that children innocently repose in adults, and involved depictions of child sexual abuse which was devastatingly harmful to the young victims. The digital images and recordings of that child abuse remain available to be played, replayed, and shared, all to the continuing harm and damage to the victim children.

Defendant's conduct created a market for that abusive behavior and exploitation. The quantity of the pornography he possessed suggests more than a trivial contribution to that market. One cannot weigh or measure the amount of sexual abuse to which children were subjected in order to produce the 360 videos and 56 images Defendant's collected and saved. Given the nature of the offense— involving child pornography, computers, and the Internet—conditions that restrict Defendant's possession of pornography and monitor his computer and Internet usage are reasonably related to the goals of protecting society and deterring crime.  But the Court must consider each of the challenged terms of supervised release independently.

4

    i.  *Condition 6 (No Pornography)*

A prohibition on the possession of pornography and other forms of sexually explicit material and a prohibition on visiting locations where such material is available relate directly to the nature and circumstances of the offense, to the deterrence of the commission of the same crime in the future, to the need to protect the public from further crimes from the Defendant, and to the goal of providing effective treatment for Defendant. Some of the pornographic material Defendant possessed involved both adults and children. Thus, there is a connection between pornography involving adults and the illegal child pornography found in Defendant's possession. Further, prohibiting all pornographic material alleviates one of the distractions that will be present when Defendant is released from incarceration, which will enable Defendant to adapt to life outside of incarceration while lowering the risk that he reoffends. Moreover, Defendant was found to have a compulsion for pornography.  Allowing Defendant to have unrestricted exposure to pornography when he has a demonstrated problem would be inconsistent with the goals of deterrence and avoiding recidivism.

The Court also notes that this condition does not involve a deprivation of liberty that is greater than necessary for sentencing purposes. The prohibitions are not vague; "a person of common intelligence" would not need to "guess" at what it means not to possess pornography or not to patronize an establishment where pornography is available. *Connally v. Gen. Constr. Co.*, 269 U.S. 385 (1925). The same can be said for restriction as it applies to sexually explicit material, child nudity, and child erotica. The prohibitions also are not overly-broad. To be sure, all pornography is

5

prohibited during the term of supervised release, but as demonstrated in the previous paragraph, the nature and circumstances of the offense are such that a blanket prohibition is necessary to ensure Defendant transitions back into society without reoffending. Had the condition been for a much longer period of time, or for the rest of Defendant's life, it might have been greater than necessary. But as sentenced, Defendant will have five years to transition back into society without pornography, after which the restriction will be lifted as the period of supervised release ends.

Finally, the Court is unaware of any policy statement issued by the Sentencing Commission pertaining to the possession of pornography or to patronizing places where pornography is available. As the government notes, however, one of the discretionary conditions that the Court may impose is that the defendant "refrain from frequenting specified kinds of places . . ." 18 U.S.C. §3563(b)(6). That is what the Court has done here, and this condition is reasonably related to the 3553 factors.

### ii.   Condition 8 (Probation Department Access to Computer)

A requirement that the Probation Department be allowed access to Defendant's computer and other records also relates directly to the nature and circumstances of the offense, to the deterrence of the commission of the same crime in the future, to protecting the public from further crimes from the defendant, and to the corrective treatment of Defendant. The child pornography in Defendant's possession was obtained through the Internet and viewed on a computer. Furthermore, adult pornography is also widely available on the Internet. Condition 8 therefore relates to the nature and circumstances of the crime because it provides the Probation Department with the ability to monitor the method by which Defendant obtained

6

child pornography. This condition also deters commission of the same crime in the future, protects the public from further crimes from the defendant, and furthers the corrective treatment of the Defendant by suppressing the temptation to revert to viewing pornography and child pornography; with the knowledge that someone at the Probation Department will be able to monitor his behavior, Defendant will be far less likely to violate the law or Condition 6.

Further, this condition does not involve a deprivation of liberty that is greater than necessary for sentencing purposes. The condition is not vague; it spells out in detail exactly what information Defendant must provide to the Probation Department and what Probation may do with that information. The condition also is not overly-broad; Defendant is not prohibited from using a computer at all, he just must permit the Probation Department to monitor his activities to ensure he does not violate the law or the other conditions of his supervised release.

Finally, this condition is consistent with the Sentencing Commission's policies. Indeed, U.S.S.G. §5D1.3(d)(7) lists certain supervised release conditions applicable when the conviction is for a sex offense:

> (B)   A condition limiting the use of a computer or an interactive computer service in cases in which the defendant used such items.
>
> (C)   A condition requiring the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

7

Condition 8 is a combination of the two recommendations, and it is reasonably related to the 3553 factors.

### iii.     Condition 9 (No Post Office Box, No Storage Unit without Approval of Probation Officer)

A requirement that Defendant obtain permission from the Probation Department before renting a post office box or a storage unit relates directly to the nature and circumstances of the offense, to the deterrence of the commission of the same crime in the future, to protecting the public from further crimes from the defendant, and to the corrective treatment of Defendant. Although the Internet is a common place to obtain or view child and adult pornography, such material is also available through the mail. This condition works in conjunction with Condition 8. It does not completely prohibit Defendant from having a PO Box or storage unit, but it permits Defendant to obtain either with the Probation Officer's knowledge and approval.  If Probation's monitoring of Defendant's computing history and financial records suggests that the dangers of Defendant using a PO Box or storage unit to obtain or store child pornography are minimal and that Defendant has a legitimate need for either a PO Box or a storage unit, the condition affords flexibility.

Further, this condition does not involve a deprivation of liberty that is greater than necessary for sentencing purposes. The condition is not vague; a person of common intelligence would not be confused by the terms "post office box," "storage facility," or "permission." And the condition is not overly broad. Defendant is not strictly prohibited from obtaining a PO Box or storage facility, he just needs to obtain permission from the probation officer first.

Finally, the Court is unaware of any policy from the Sentencing Commission regarding post office boxes or storage facilities. That said, as noted above, U.S.S.G. §5D1.3(d)(7)(C) describes a condition requiring a defendant to submit to a search of any property, house, or residence. For the Probation Department to conduct a search of a property, they must know about the property. Thus Condition 9 is consistent with the policy set forth in U.S.S.G. §5D1.3(d)(7)(c) because the prior-approval requirement puts the Probation Department on notice of any new property it might need to search.

> iv.   *Condition 10 (No Sadomasochistic Paraphernalia)*

A prohibition of sadomasochistic material relates directly to the nature and circumstances of the offense, to the deterrence of the commission of the same crime in the future, to protecting the public from further crimes from Defendant, and to the corrective treatment of Defendant. Several of the images that Defendant possessed depicted prepubescent minor females engaged in sexual intercourse with adult males. Images of sexual penetration of prepubescent children are inherently sadistic. *United States v. Groenendal*, 557 F.3d 419, 425 (6th Cir. 2009). And a prohibition on sadomasochistic material deters Defendant from committing the same crime again, protects the public from further crimes by Defendant, and adds to the corrective treatment by taking away paraphernalia that might trigger reversion or otherwise distract Defendant from successfully completing his rehabilitation.

Further, this condition does not involve a deprivation of liberty that is greater than necessary for sentencing purposes. The condition is not vague; a person of common intelligence would not be confused by the terms "bindings," "restraints,"

9

"handcuffs," or "sadomasochistic paraphernalia." And the condition is not overly broad because some of the images Defendant possessed were inherently sadistic, meaning a complete ban on sadomasochistic material for the duration of Defendant's supervised release term is appropriate to assist Defendant in re-entering society without reverting to illegal conduct.

Finally, the Court is not aware of any policy from the Sentencing Commission with respect to sadomasochistic paraphernalia.

## IV. CONCLUSION

Considering all of the factors under 18 U.S.C. § 3553, there is no valid reason to modify Defendant's supervised release conditions as Defendant requests. All of the challenged conditions are reasonably related to the sentencing considerations and goals of § 3553 and are justified for the reasons specified in this order. Defendant's motion is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: August 30, 2016                          s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically submitted on August 30, 2016, using the CM/ECF system, which will send notification to all parties.

                                                s/A. Chubb
                                                Case Manager

10